EXHIBIT B

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| PUMPKIN INVESTMENTS, LLC, | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  2:23-cv-03617 - MWF (AFMx) |
| XL INSURANCE AMERICA, INC.; VALLEY FORGE INSURANCE COMPANY; UNITED SURGICAL PARTNERS INTERNATIONAL, INC.; and DOES 1-10, inclusive; | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  XL INSURANCE AMERICA, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900, Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____05/11/2023_____

*Signature of Clerk or Deputy Clerk*

LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUMPKIN INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>XL INSURANCE AMERICA, INC.; VALLEY FORGE INSURANCE COMPANY; UNITED SURGICAL PARTNERS INTERNATIONAL, INC.; and DOES 1-10, inclusive;<br><br>Defendants. | Case No. CV23-03617<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT**<br><br>**2. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**<br><br>**3. BREACH OF CONTRACT**<br><br>**JURY DEMAND** |

## NATURE OF THE CASE

1.     This action arises out of a breach of contract and breach of the covenant of good faith and fair dealing by XL Insurance America, Inc., ("XL Insurance") and Valley Forge Insurance Company ("Valley Forge") relating to property insurance policies ("the Policies") issued to Plaintiff Pumpkin Investments, LLC, ("Plaintiff"). Plaintiff is the named insured under the Valley Forge policy and an additional named insured under the XL Insurance policy. Defendant United Surgical Partners International, Inc., ("USPI") was the tenant at the subject property and breached its obligations and duties under the written lease

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

1   agreement between Plaintiff and USPI.

2       2.    The Policies was in full force and effect at all relevant times herein.

3   As more fully described below, Valley Forge and XL Insurance have breached

4   their obligations under the Policies and applicable law by refusing to defend and

5   indemnify Plaintiff pursuant to the terms of the Policies and applicable law.

6       3.    As a direct and proximate result of Valley Forge's and XL Insurance's

7   unfair practices and bad faith refusal to comply with their obligations under the

8   insurance contracts, and in complete disregard of Plaintiff's rights, Plaintiff has

9   been substantially damaged and has incurred costs in pursuing contract benefits in

10   an amount to be determined at the time of trial.  Plaintiff has also suffered damages

11   under the lease agreement with USPI.

12       4.    Venue is proper within this District due to the diversity of citizenship

13   of the parties, and the causes of action arose in this District.

15   **PARTIES**

16       5.    Plaintiff Pumpkin Investments, LLC, is a California LLC.

17       6.    Valley Forge Insurance Company ("Valley Forge") is an insurance

18   company domiciled in the State of Pennsylvania that is authorized and licensed to

19   conduct, and is indeed conducting, the business of insurance in the State of

20   California.

21       7.    XL Insurance America, Inc., ("XL Insurance") is an insurance

22   company domiciled in the State of Delaware that is authorized and licensed to

23   conduct, and is indeed conducting, the business of insurance in the State of

24   California.

25       8.    United Surgical Partners International, Inc., ("USPI") is a Delaware

26   corporation with its principal place of business in the State of Texas.  USPI is the

27   successor-in-interest to the original lessee, North Anaheim Surgicenter, Limited,

28   which became an inactive entity on July 14, 2015.

— 2 —
**Complaint**

## GENERAL ALLEGATIONS

9.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of Defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages proximately to Plaintiff. Plaintiff will seek leave of this Court to amend this First Amended Complaint to insert their true names and capacities in place of and instead of the fictitious names when they become known to Plaintiff.

10.     Defendants' conduct described herein was undertaken by the corporate Defendants' officers and managing agents, identified herein as Does 1 through 10, who were and are responsible for claims supervision and operations, underwriting, communications, and decision making. The aforesaid conduct of these managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants had advance knowledge of the actions and conduct of these individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as Does 1 through 10, inclusive.

11.     At all times herein mentioned, unless otherwise specified, Defendants were the agents and employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of his agent.

12.     Plaintiff at all relevant times herein owned a building located at 1154 North Euclid Street, Anaheim, California.

13.     In order about July 1991, Defendant's USPI predecessor entity

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

entered into a written lease agreement to rent the subject property as a surgical center from Plaintiff's predecessor in interest. The lease agreement required USPI, among other obligations, to maintain insurance on the property, to repair any damage to the property, to repair any "tenant improvements" to the property, and that in the event of a dispute under the lease, the prevailing party would be entitled to attorney's fees and costs.

14. Valley Forge issued to Plaintiff a policy providing property coverage for the subject property, Policy No. 6025018366. The coverage limit for the structure was $3,294,095 with a $2,500 deductible. The policy was in effect at all relevant times herein.

15. XL Insurance issued to USPI a policy providing property coverage for the subject property, Policy No. US00080201PR20A, naming Plaintiff as an additional insured. The policy was in effect at all relevant times herein.

16. In or about March 2021, a major water loss occurred at the subject property, which was known at the time to USPI. Plaintiff did not learn of the water loss until a routine inspection of the property in May 2021.

17. Plaintiff is informed and believes and thereon alleges that USPI knew of the loss in March 2021 but failed to notify Plaintiff, Valley Forge, or XL Insurance of the loss. This failure to report the loss to Plaintiff and the insurers caused Plaintiff damages to the extent that any amounts of the loss were denied by the insurers.

18. Plaintiff immediately reported the claim to Valley Forge and XL Insurance. Valley Forge accepted eh claim and commenced adjustment of the claim. XL Insurance refused to open a claim or to adjust the claim submitted by Plaintiff. XL Insurance opened a claim tendered by USPI, but it is Plaintiff's understanding that USPI refused to make any payments on the claim.

19. The estimated cost of repair for the damages to the property as the result of the loss covered under the Policies is $2,625,388.

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

Case 2:23-cv-03630-MWF-AFM Document 12 Filed 05/21/23 Page 5 of 16 Page ID #5
Case 2:24-cv-08730-MWF-JC Document 12 Filed 02/13/24 Page 7 of 28 Page ID
#:135

20. Defendant Valley Forge paid $116,885.60 towards the damages. Defendants USPI and XL Insurance paid nothing towards the loss.

21. The Policies required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

22. The Policies were entered into within the jurisdiction of the above-entitled Court.

23. The Policies call for performance within the jurisdiction of the above-entitled Court.

24. Defendants have continued to refuse to pay further benefits to which Plaintiff is entitled.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

(Against XL Insurance America, Inc.; Valley Forge Insurance

Company; and Does 1-5)

25. Plaintiff hereby incorporates by reference all of the allegations set forth in the Nature of the Case, Parties, and General Allegations as though fully set forth herein.

26. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of Defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages proximately to Plaintiff. Plaintiff will seek leave of this Court to amend this First Amended Complaint to insert their true names and capacities in place of and instead of the fictitious names when they become known to Plaintiff.

27. Defendants' conduct described herein was undertaken by the

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

corporate Defendants' officers and managing agents, identified herein as Does 1 through 10, who were and are responsible for claims supervision and operations, underwriting, communications, and decision making. The aforesaid conduct of these managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants had advance knowledge of the actions and conduct of these individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as Does 1 through 10, inclusive.

28. At all times herein mentioned, unless otherwise specified, Defendants were the agents and employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of his agent.

29. Plaintiff at all relevant times herein owned a building located at 1154 North Euclid Street, Anaheim, California.

30. In order about July 1991, Defendant's USPI predecessor entity entered into a written lease agreement to rent the subject property as a surgical center from Plaintiff's predecessor in interest. The lease agreement required USPI, among other obligations, to maintain insurance on the property, to repair any damage to the property, to repair any "tenant improvements" to the property, and that in the event of a dispute under the lease, the prevailing party would be entitled to attorney's fees and costs.

31. Valley Forge issued to Plaintiff a policy providing property coverage for the subject property, Policy No. 6025018366. The coverage limit for the structure was $3,294,095 with a $2,500 deductible. The policy was in effect at all relevant times herein.

32. XL Insurance issued to USPI a policy providing property coverage for the subject property, Policy No. US00080201PR20A, naming Plaintiff as an

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

— 6 —
**Complaint**

1    additional insured. The policy was in effect at all relevant times herein.

2        33.    In or about March 2021, a major water loss occurred at the subject

3    property, which was known at the time to USPI. Plaintiff did not learn of the water

4    loss until a routine inspection of the property in May 2021.

5        34.    Plaintiff is informed and believes and thereon alleges that USPI knew

6    of the loss in March 2021 but failed to notify Plaintiff, Valley Forge, or XL

7    Insurance of the loss. This failure to report the loss to Plaintiff and the insurers

8    caused Plaintiff damages to the extent that any amounts of the loss were denied by

9    the insurers.

10        35.    Plaintiff immediately reported the claim to Valley Forge and XL

11    Insurance. Valley Forge accepted eh claim and commenced adjustment of the

12    claim. XL Insurance refused to open a claim or to adjust the claim submitted by

13    Plaintiff. XL Insurance opened a claim tendered by USPI, but it is Plaintiff's

14    understanding that USPI refused to make any payments on the claim.

15        36.    The estimated cost of repair for the damages to the property as the

16    result of the loss covered under the Policies is $2,625,388.

17        37.    Defendant Valley Forge paid $116,885.60 towards the damages.

18    Defendants USPI and XL Insurance paid nothing towards the loss.

19        38.    The Policies required payment of benefits within the jurisdiction of

20    the above-entitled Court for a total amount to be shown at the time of trial.

21        39.    The Policies were entered into within the jurisdiction of the above-

22    entitled Court.

23        40.    The Policies call for performance within the jurisdiction of the above-

24    entitled Court.

25        41.    Defendants have continued to refuse to pay further benefits to which

26    Plaintiff is entitled.

27        42.    As a direct and proximate result of Defendants' failure to promptly

28    adjust and pay the claim, Plaintiff incurred expenses. All of these costs were

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

— 7 —
**Complaint**

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

1   necessarily incurred by Plaintiff as a proximate and foreseeable result of

2   Defendants' conduct alleged herein.

3       43.   Defendants breached the contract of insurance by failing to pay

4   benefits as promised in the Policies.

5       44.   As a direct and proximate result of Defendants' breach of the

6   insurance contract, Plaintiff has suffered contractual damages under the Policies

7   and other incidental damages and out-of-pocket expenses, all in a sum to be

8   determined at the time of trial.

9

10                      **SECOND CAUSE OF ACTION**

11      **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR**

12                              **DEALING**

13      (Against XL Insurance America, Inc.; Valley Forge Insurance

14                      Company; and Does 1-5)

15      45.   Plaintiff hereby incorporates by reference all of the allegations set

16   forth in the Nature of the Case, Parties, General Allegations, and the First Cause of

17   Action as though fully set forth herein.

18      46.   Defendants have breached their duty of good faith and fair dealing

19   owed to Plaintiff in, among others, the following respects:

20          (a)   Unreasonable and bad faith failure to adjust and pay Plaintiff's

21   claim at a time when Defendants knew that Plaintiff was entitled to the payment of

22   policy benefits;

23          (b)   Unreasonable and bad faith withholding of payments from

24   Plaintiff, knowing Plaintiff's claim to be valid;

25          (c)   Unreasonable and bad faith failure to pay Plaintiff's full claim

26   when Defendants had insufficient information within their possession to justify

27   such failure;

28          (d)   Unreasonable and bad faith failure to reasonably investigate and

1   process Plaintiff's claim;

2        (e)    Unreasonable and bad faith failure to attempt to effectuate a

3   prompt, fair, and equitable settlement of Plaintiff's claim when liability had

4   become reasonably clear;

5        (f)    Unreasonable and bad faith failure to adhere to California law

6   applicable to Plaintiff's claim;

7        (g)    Unreasonably withholding payment of benefits rightfully due to

8   Plaintiff;

9        (h)    Unreasonably delaying payments to Plaintiff in bad faith,

10   knowing Plaintiff's claim under the Policies to be valid, in an attempt to coerce

11   Plaintiff into accepting less than the full value of Plaintiff's claim;

12        ($i$)    Failing to promptly provide a reasonable explanation of the

13   basis relied upon in the Policies, in relation to the applicable facts or applicable

14   law, for the denial of Plaintiff's claims or for the offer of settlement of Plaintiff's

15   claim;

16        (j)    Failing to thoroughly investigate Plaintiff's claim;

17        (k)    Failing to objectively evaluate Plaintiff's claim;

18        (l)    Interpreting the Policy in an unduly restrictive manner;

19        (m)    Handling Plaintiff's claim in a dilatory manner, which resulted

20   in unnecessary delay and additional costs to Plaintiff;

21        (n)    Using deceptive tactics to compel a compromise of Plaintiff's

22   claim;

23        (o)    Failing to acknowledge and act reasonably promptly upon

24   communications with respect to claims asserted by Plaintiff arising under the

25   Policy;

26        (p)    Failing to adopt and implement reasonable standards for the

27   prompt investigation and processing of claims asserted by Plaintiff arising under

28   the Policies; and

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

— 9 —
**Complaint**

(q)     Compelling Plaintiff to initiate litigation to obtain benefits due under the Policies.

47.     Plaintiff is informed and believes and thereon alleges that Defendants have breached their duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware.  Plaintiff will seek leave of this Court to amend this Complaint at such time as Plaintiff discovers the other acts or omissions of Defendants constituting such breach.

48.     Defendants have tortiously breached the implied covenant of good faith and fair dealing arising from the insurance contract by unreasonably withholding benefits due under the Policies, and by other conduct set forth herein, after accepting insurance premiums from Plaintiff.

49.     Despite Plaintiff's demands for payment of the value of benefits pursuant to the Policies, Defendants continue to refuse payment and continue to engage in unlawful insurance practices and misrepresentations.  Such bad faith conduct constitutes a continuing tort that is causing Plaintiff continued damages.

50.     In the absence of a reasonable basis for doing so, and with full knowledge and reckless disregard of the consequences, Defendants have failed and refused to fully indemnify Plaintiff under the Policies.

51.     As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer in the future, damages under the Policies, plus interest, in an amount to be shown at the time of trial.

52.     As a further proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered, and will continue to suffer, incidental damages and out-of-pocket expenses, all to Plaintiff's general damages in a sum to be determined at the time of trial.

53.     As a further proximate result of the wrongful and bad faith conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policies.  Therefore, Defendants are liable to Plaintiff for those

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

1   attorneys' fees incurred by Plaintiff in order to obtain the amounts due under the

2   Policies in a sum to be determined at the time of trial.

3       54.   Defendants acted with malice, oppression, and fraud by engaging in,

4   *inter alia*, the following conduct:

5            (a)   Defendant XL Insurance knew that Plaintiff had submitted its

6   claim, yet Valley Forge refused to even open a claim;

7            (b)   Defendants purposefully and despicably devised a plan to

8   mislead policyholders as to their rights under the policy;

9            (c)   Defendants maliciously ignored Plaintiff's repeated requests for

10  information regarding the status of the claim in an effort to trick Plaintiff into

11  giving up and not obtaining payment;

12           (d)   Defendants purposefully and despicably calculated that Plaintiff

13  would be unable to discover Defendants' aforementioned unreasonable conduct;

14           (e)   Defendant Valley Forge paid a minimal amount on the property

15  claim, knowing that Plaintiff's claim was far larger in scope, and although

16  acknowledging that all Defendants were jointly and severally liable for the loss,

17  Valley Forge expected Plaintiff to recover additional amounts from the other

18  Defendants; and

19           (f)   Defendants at all times pursued their own interests to the

20  detriment of the interests of Plaintiff.

21      55.   Defendants' conduct described herein was intended by Defendants to

22  cause injury or was despicable conduct carried on by Defendants with a willful and

23  conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust

24  hardship in conscious disregard of Plaintiff's rights, and was an intentional

25  misrepresentation, deceit, or concealment of a material fact known to Defendants

26  with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause

27  injury, such as to constitute malice, oppression, or fraud under California Civil

28  Procedure Code § 3294, thereby entitling Plaintiff to punitive damages in an

amount appropriate to punish or set an example of Defendants.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

(Against United Surgical Partners International, Inc., and Does 6
through 10)

56.    Plaintiff hereby incorporates by reference all of the allegations set forth in the Nature of the Case, Parties, General Allegations, the First Cause of Action, and the Second Cause of Action as though fully set forth herein.

57.    Defendant USPI and Plaintiff entered into a written lease agreement for the subject property.

58.    The written lease agreement required USPI, among other obligations, to reimburse Plaintiff for any damages caused to the property, to maintain insurance and to promptly report claims to the insurance company, here XL Insurance, and to return the property including all tenant improvements to Plaintiff in an intact and undamaged condition at the end of the lease.

59.    USPI breached the lease by failing to return the property in an undamaged condition to Plaintiff and also failed to reimburse Plaintiff for the damages or to timely report the loss to XL Insurance or Plaintiff.

60.    Plaintiff suffered damages as a result of these breaches of the lease agreement by USPI by, among other damages, incurring property damages in the amount of $2,625,388, attorney fees, costs, and other consequential and foreseeable damages.

61.    The lease required payment within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

62.    The lease was entered into within the jurisdiction of the above-entitled Court.

63.    The lease called for performance within the jurisdiction of the above-

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

1   entitled Court.

2   64.   USPI has continued to refuse to pay any amounts towards the

3   damages suffered by Plaintiff.

4   65.   As a direct and proximate result of USPI's failure to repair the

5   damages, Plaintiff incurred expenses and attorney fees. All of these costs and

6   attorney fees were necessarily incurred by Plaintiff as a proximate and foreseeable

7   result of USPI's conduct alleged herein.

8   66.   USPI breached the contract by failing to repair or pay for the repair of

9   the damages to the subject property.

10   67.   As a direct and proximate result of USPI's breach of the lease

11   contract, Plaintiff has suffered contractual damages under the lease and other

12   incidental damages and out-of-pocket expenses, all in a sum to be determined at

13   the time of trial.

14

15   **PRAYER**

16   WHEREFORE, Plaintiff prays for judgment as follows:

17

18   FOR BREACH OF CONTRACT

19   (FIRST CAUSE OF ACTION)

20   1.   Damages under the Policies, plus interest, including pre-judgment

21   interest, in a sum to be determined at the time of trial;

22   2.   Economic and consequential damages as a result of Defendants'

23   breach of the subject contract; and

24   3.   For costs of suit herein.

25

26

27

28

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

FOR BREACH OF THE COVENANT OF GOOD FAITH AND

FAIR DEALING

(SECOND CAUSE OF ACTION)

1.    Damages for failure to provide payments under the Policies, plus interest, including pre-judgment interest, and other economic and consequential damages to be determined at the time of trial;

2.    For special damages for breach of the implied covenant of good faith and fair dealing;

3.    For general damages for mental and emotional distress in a sum to be determined at the time of trial;

4.    For attorneys' fees, witness fees, and costs of litigation incurred by Plaintiff to obtain the amounts due under the Policies in an amount to be determined at the time of trial; and

5.    For punitive damages and exemplary damages in an amount appropriate to punish or set an example of Defendants.


FOR BREACH OF CONTRACT

(THIRD CAUSE OF ACTION)

1.    For general damages in a sum to be determined at the time of trial;

2.    For special damages in a sum to be determined at the time of trial; and

3.    For attorneys' fees, witness fees, and costs of litigation incurred by Plaintiff to obtain the amounts due under the Policies in an amount to be determined at the time of trial.


FOR COSTS OF SUIT AND OTHER RELIEF

(EACH CAUSE OF ACTION)

1.    For costs of suit herein; and

2.    Such further relief as the Court may deem proper.

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

**Complaint**

Dated:  May 11, 2023          LAW OFFICES OF CHRISTIAN J. GARRIS

By: _____
         Christian J. Garris, Esq.

Attorneys for Plaintiff

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

— 15 —
**Complaint**

Case 2:23-cv-03617-MWF-AFM   Document 1   Filed 05/11/23   Page 16 of 16   Page ID #:16
Case 2:24-cv-08730-HDV-JC      Document 7-2     Filed 02/13/24      Page 18 of 28    Page ID
#:146

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

Dated:  May 11, 2023          LAW OFFICES OF CHRISTIAN J. GARRIS

By:_____
              Christian J. Garris, Esq.

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

PUMPKIN INVESTMENTS, LLC,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

XL INSURANCE AMERICA, INC.; VALLEY FORGE INSURANCE COMPANY; UNITED SURGICAL PARTNERS INTERNATIONAL, INC.; and DOES 1-10, inclusive;

**(b) County of Residence of First Listed Plaintiff**   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**   _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

LAW OFFICES OF CHRISTIAN J. GARRIS
633 West Fifth Street, 28th Floor, Los Angeles, California 90071
(213) 624-2900

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multidistrict Litigation - Transfer   ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. sec. 1332

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☒ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | | |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (10/20)                    CIVIL COVER SHEET                    Page 2 of 3

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?      ☒ NO     ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO     ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____ DATE: 5/11/2023

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER
LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

ATTORNEY(S) FOR: Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUMPKIN INVESTMENTS, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>XL INSURANCE AMERICA, INC.; et al.,<br><br>Defendant(s) | CASE NUMBER:<br><br>CV23-03617<br><br>**CERTIFICATION AND NOTICE<br>OF INTERESTED PARTIES**<br>(Local Rule 7.1-1) |

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for          Plaintiff PUMPKIN INVESTMENTS, LLC
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| John Kelly, M.D. | Principal of Pumpkin Investments, LLC |

| | |
|---|---|
| May 11, 2023 | _(signature)_ |
| Date | Signature |

Attorney of record for (or name of party appearing in pro per):

Plaintiff PUMPKIN INVESTMENTS, LLC

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PUMPKIN INVESTMENTS, LLC,** | Case No. 2:23-cv-03617 HDV AFM |
| Plaintiff, | **ORDER GRANTING DEFENDANT XL INSURANCE AMERICA, INC.'S MOTION TO DISMISS [16]** |
| v. | |
| **XL INSURANCE AMERICA, INC., et al.,** | |
| Defendants. | |

1

## I.  INTRODUCTION

This action arises out of plaintiff Pumpkin Investments, LLC's ("Plaintiff") efforts to recover the costs of repairs after a water loss occurred at its property.  Defendant XL Insurance America, Inc. ("XL Insurance") moves the Court to dismiss this case under *forum non conveniens* pursuant to a mandatory, exclusive forum selection clause in an underlying insurance policy.  As discussed below, the Court finds that because the forum selection clause is valid and enforceable, venue is not proper in this district.  The action is dismissed.

## II.  BACKGROUND

In March 2021, a water loss occurred at a property that Plaintiff leased to defendant United Surgical Partners International, Inc. ("USPI").  Complaint ¶¶ 1, 8, 16 [Dkt. No. 1].  Plaintiff alleges that the subject property is covered by an insurance policy issued to it by defendant Valley Forge Insurance Company ("Valley Forge").  *Id.* ¶ 14.  It also alleges that the property is covered by an insurance policy issued by XL Insurance to USPI (the "Policy"),[1] to which Plaintiff is an additional insured.[2]  *Id.* ¶ 15.  On May 11, 2023, Plaintiff initiated this action against defendants XL Insurance, Valley Forge, and USPI, raising two breach of contract claims, as well as a claim for breach of the duty of good faith and fair dealing.  *Id.* ¶ 1.

On July 3, 2023, Defendant XL Insurance filed the present Motion to Dismiss ("Motion"). [Dkt. No. 16].  The Motion seeks to dismiss this action because the Policy contains a mandatory, exclusive forum selection clause that requires any disputes be brought in a court in the State of New York.  Plaintiff filed an Opposition and Defendant XL Insurance filed its Reply.[3]  [Dkt. Nos. 27, 30].

---

[1] Policy No. US0080201PR20A.  Compl. ¶ 15.

[2] No party contests this allegation.

[3] Defendants USPI and Valley Forge did not file briefs regarding the Motion.

After the Court heard oral argument on October 5, 2023, it ordered the parties to meet and confer regarding the appropriate venue for this case, and to file a joint status report regarding the results of their efforts.  [Dkt. No. 31].  Plaintiff, Valley Forge, and XL Insurance filed their joint status report on October 16, 2023.  [Dkt. No. 32].[4]

## III.  LEGAL STANDARD

A party may move to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(3) for "improper venue."  *See Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996).  Under 28 U.S.C. § 1406(a), where a case is filed in an improper district, it may be dismissed or transferred to any district "in which it could have been brought."  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  A Plaintiff bears the burden of showing that venue is proper in the district where a case was filed.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

## IV.  DISCUSSION[5]

The Policy's forum selection clause requires disputes between XL Insurance and Plaintiff be brought in New York.  It states, in relevant part, "In the event that any disagreement arises between the 'Insured' and the 'Company' requiring judicial resolution, the 'Insured' and the 'Company' each agree that any suit shall be brought and heard in a court of competent jurisdiction within the State of New York."  Motion, Ex. 1 at 47 [Dkt. No. 16-2, p. 73].

---

[4] On October 30, 2023, based on a request by Plaintiff, the Clerk of Court entered default against USPI pursuant to Fed. R. Civ. P. 55(a) since it failed to appear or otherwise timely respond to the Complaint.  [Dkt. Nos. 35, 37].

[5] XL Insurance asks the Court to take judicial notice of the Policy underlying Plaintiff's claim against it.  Request for Judicial Notice [Dkt. No. 16-3].  Because this document is incorporated by reference into Plaintiff's Complaint and its source can be readily determined, XL Insurance's unopposed request is granted.  *See* Fed. R. Evid. 201(b).

In actions arising out of a contract, a forum selection clause is presumptively valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). And where a forum selection clause specifies a venue with mandatory language, venue there is considered exclusive and must be enforced. *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).

Under the doctrine of *forum non conveniens*, a forum selection clause pointing to another forum is enforceable. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60, 61 (2013). The Supreme Court has made clear that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not necessarily disrupt the parties' settled expectations." *Id.* at 66. A valid forum selection clause should be enforced, unless "extraordinary circumstances" exist. *Id.* at 62. A plaintiff may establish such extraordinary circumstances by making a "strong showing" of the following: "(1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen*, 407 U.S. at 15, 18) (internal quotation marks omitted).

Plaintiff does not contest the validity of the forum selection clause at issue here. Instead, it argues that the forum selection clause is unenforceable because it did not receive a copy of the Policy until after it filed the insurance claim with XL Insurance. Opp. at 3. But Plaintiff fails to carry its burden to show that extraordinary circumstances exist to overcome the valid forum selection clause. Moreover, the Court agrees with XL Insurance that the cases Plaintiff cites regarding the effect of any lack of notice are distinguishable, since Plaintiff seeks to assert its entitlement to coverage under the Policy as an "additional insured". *See* Reply at 4–5. And although Plaintiff argues that all of the events occurred in this district and the witnesses are here, Opp. at 6,

"[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Const. Co.*, 571 U.S. at 64.

Plaintiff further argues that since Valley Forge is not a party to the Policy, its claims against Valley Forge should be severed and permitted to continue before this Court. The Ninth Circuit has not addressed how to determine whether to sever claims or transfer or dismiss an entire action when the forum selection clause applies to some but not all parties to a lawsuit. Nevertheless, district courts in the Ninth Circuit have ultimately considered the interests of efficiency and the non-contracting parties' connections to the forum state. *See GemCap Lending I, LLC v. Pertl*, No. 19-1472-JFW-PJWx, 2019 WL 6468580, at *14 (C.D. Cal. Aug. 9, 2019); *Socialcom, Inc. v. Arch Ins. Co.*, No. 20-04056-RGK-AGR, 2020 WL 6815039, at *4 (C.D. Cal. July 7, 2020); *Laferte v. myFootpath, LLC*, No. 12-10118-JGB-AJWx, 2014 WL 12591801, at *3 (C.D. Cal. July 18, 2014).

As a possible solution, Valley Forge states in the parties' October 16, 2023 Joint Status Report that it should be allowed to file a cross-complaint against XL Insurance for equitable contribution.[6] However, such crossclaim would concern the same underlying set of facts as those concerning the other parties. To permit an amendment, sever and transfer some claims, and stay one action pending another—as Plaintiff and Valley Forge now request—certainly does not advance the interest of judicial efficiency. And as Valley Forge has not filed a motion for leave to amend, the Court cannot rule on a motion not currently before it. Moreover, during oral argument on the Motion, Valley Forge represented to the Court that since it is a national insurance company, it was amenable to transferring the entire action to New York.

---

[6] To the extent that Valley Forge now seeks to object to dismissal or transfer, its failure to timely oppose XL Insurance's Motion may be deemed consent to the Court granting the Motion. L.Rs. 7-9, 7-12.

Ultimately, Plaintiff seeks to recover from two insurance companies for the costs related to one underlying incident.  The Court cannot ignore the valid and enforceable forum selection clause that pertains to the majority of parties in this action.  It is in the interest of judicial efficiency to keep all claims and parties together in one action and in one court.  Furthermore, since the forum selection clause does not point to a particular federal district in New York and it is not otherwise apparent in which district this case could have been brought or should be otherwise transferred, the case is dismissed.  *See* 28 U.S.C. § 1406(a); *Costlow*, 790 F.2d at 1488.

## V.   CONCLUSION

For the reasons described above, XL Insurance's Motion to Dismiss is granted.  This case is dismissed, without prejudice to it being refiled in New York.

Dated:  November 6, 2023

_____
Hernán D. Vera
United States District Judge